UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sammie L. Wells, Jr., | ) | Civil Action No.: 1:19-cv-02233-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| The State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Sammie L. Wells, Jr., a state pretrial detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges,[1] who recommends summarily dismissing this action. *See* ECF No. 9.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner has not filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

[2] Petitioner's objections were due by September 6, 2019. *See* ECF Nos. 9 & 10.

Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Fourth Circuit has held that a district court's order denying relief on a petition pursuant to 28 U.S.C. § 2241 is not appealable unless a circuit justice or judge issues a certificate of appealability. *See, e.g.*, *Garvin v. Wright*, 583 F. App'x 287 (4th Cir. 2014) (citing 28 U.S.C. § 2253(c)(1)(A)). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate (1) the dispositive procedural ruling is debatable and (2) the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Here, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 9]. Accordingly, the Court **DISMISSES** this action *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
October 1, 2019  R. Bryan Harwell
 Chief United States District Judge